The opinion of the Court was delivered by
Duncan j.
Two questions are presented for the consideration of the Court.
1st. Was the deposition of William M'-Coy properly read in evidence.
2d. Did the words proved maintain the allegation in the declaration.
The just construction of the rule of Court, that a party applying for a rule to take depositions of witnesses, may enter the rule of course in the Prothonotary’s office, stipulating a reasonable notice to his adversary is, that the rule itself should stipulate, that is, fix and ascertain the number of days notice ; but in the construction of these rules, usage, when it is not repugnant to the principles of natural justice, ought to be greatly respected. The practice of every Court is considered as the law of the Court. The course of the office and variety of precedents, though they passed sub silentio, and no question had been made of them, or judicial decisions, are strong evidence of the usage.
It is merely a. matter of practice, to establish which we can have recourse to no other source of information, than the records of the Court, and the officers of the Court, and the gentlemen of the bar practising in the district.
The enquiry is not, whether this practice originally was right, but whether such practice has prevailed. The records of the Court, the officers of the Court, and many of the gentlemen of the bar, prove that a practice had prevailed for some time before the trial of this cause, to enter the ride in this foriji, and not to stipulate the reasonable notice in the *226 rule itself, but to fix and ascertain it in the notice given t@ the party ; and however some respectable members of the bar may have privately murmured, yet no application had been made to the Court to change the practice ; and here this judgment gives us the opinion of the Court of Common Pleas, that such had been the usage under the rule. The opinion of the Court, giving,their own construction.of their, own rule, the usage, (where no injustice is done to the suitor, and whether the rule itself stipulated the notice, or the notice itself gave the time, the result would be the same, and the Court in each case exercise the like power of judging, whether the notice was a reasonable one,) ought to govern in reviewing a judgment on a question of practice.
The slanderous words are alleged in the declaration, to have been spoken of the pláintiff, the evidence was that they were spoken to her. The Court were of opinion that this supported the issue, that there was no substantial difference between words spoken to or of a man.
The law is now well settled, that the plaintiff is not obliged to prove the words precisely as laid, it is sufficient to prove their substance ; but the sense and manner of speaking must be the same. Words spoken to a mans face in passion are more excusable, than if spoken deliberately behind his back; the latter is the course in which malignant slander is usually propagated. Slander to a mans face cannot be justified, but it seldom has the strong mark of deliberate malignancy that distinguishes back-biting. The case of Nelson v. Dixey, Cas. Temp. Hard. 305, contains a dictum, attributed to Lord Hardwicice, that words in the second person, are supported by proof of words uttered in the third person ; this was not the case in judgment, and of many sayings attributed to J edges, as obiter dicta, it might well be pronounced nunquam dicta, but whether respect is justly due to all that comes to us, in the name of that distinguished Judge, all that he has said to have said, cannot be ranked as judicial decisions, nor controul the judgment in the very point presented for decision.
In Avarillo v. Rogers, Bull. 5, Lord Mansfield recognised at Guildhall, the substantial distinction, and decided that th,e variance wás fatal; this is the opinion of but one Judge, but a very illustrious one, who was not disposed to *227 antangle justice in nets of law, whose well spent life was employed in separating substances from the unmeaning forms with which they had been mingled, and in breaking down senseless distinctions and technical subtilities ; but it rests not on his opinion, for it has been recognised as the law in many instances, and many plaintiffs have been non suited for this variance. In New York, this is received as the acknowledged doctrine of the law, 1 Johns. 74. Miller v. Miller. It is true that in Tracey v. Harkins, 1 Binn. 395, the Court of Common Pleas for the city and-county of Philadelphia, decided differently; the reasons given for that decision by no means satisfy this Court, that there is no substantial difference between words spoken to or of a man, and they are of opinion, this was not the old law, nor the law at any time ; for they find that whenever the direct question has directly been presented, the substantial difference has been acknowledged and established. But there is another reason, than the different malignancy of the two sets of- words, which weighs with me. The object of all declarations, is to give notice to the party of the charge, that he may come to the trial prepared to defend himself. But wdteh a defendant finds that he is not charged with speaking sk|¿3erous words to the plaintiff, he may be conscious, that hl^never held any conversation on the subject, but with himself and to his face, aod may securely repose in confidence that it is impossible for the plaintiff to make out his allegation, and would be surprised by a different charge, of which, had he been apprised by the declaration, recollecting the conversation and the persons present, he might come prepared to shew, the mistake and misrepresentations of the plaintiff’s witnesses, might explain the occasion and manher of speaking the words, and by the antecedent and subsequent parts of the same sentence prove the sense was innocent or the occasion justified, and might mitigate the damages by such evidence. I am therefore of opinion, -that the variance was fatal, the manner being different from the allegation, the slander more malignant, the defendant not apprised by the declaration of the charge, for which he was called on the trial to answer, so that he anight defend, justify, or explain it.
Judgment reversed.